798 F.2d 434
 5 Fed.R.Serv.3d 1426
 Ronnie Lee CAMP, Plaintiff-Appellant,
v.
Dr. OLIVER, Medical Director, Dr. Theodore G. Smith, Ga.
Diag. Dr., Dr. J.E. Umberhandt, Inst. Dr. Rivers
North Unit at Hardwick, Ga. Defendants-Appellees.
 No. 85-8500
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 2, 1986.
 
 M.P. Schildmeyer, Atlanta, Ga., for plaintiff-appellant.
 William P. Tinkler, Jr., Atlanta, Ga., for defendant-appellee Unberhandt.
 Jennifer L. Hackemeyer, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees Jones, Oliver and Smith.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.CORRECTED OPINION
 KRAVITCH, Circuit Judge:
 
 
 1
 The primary issue presented in this appeal is whether a dismissal of a complaint based upon an untrue allegation of poverty, 28 U.S.C. Sec. 1915(d), should be with or without prejudice. We hold that a dismissal with prejudice is a drastic sanction to be imposed only if lesser sanctions are inadequate.
 
 I. PROCEDURAL BACKGROUND
 
 2
 Ronnie Lee Camp, an inmate of a Georgia correctional institute, filed an action pursuant to 42 U.S.C. Sec. 1983 against various medical and correctional personnel of the state penal system. Camp's complaint alleged that, while an inmate, he had suffered injury due to the defendants' deliberate indifference to his medical needs. Camp's petition for permission to proceed in forma pauperis under 28 U.S.C. Sec. 1915 included a requisite affidavit of poverty. The court, citing section 1915(d), granted Camp permission to proceed in forma pauperis subject to dismissal "should the court later determine that the 'allegation of poverty is untrue' or the action is frivolous or malicious." The court thereafter determined that Camp had funds in his prison account and that his allegations of poverty in his section 1915 affidavit were untrue and dismissed Camp's action with prejudice.
 
 II. JURISDICTION
 
 3
 The appellees question this court's jurisdiction to consider this appeal on the ground that appellant's notice of appeal was not timely filed. Specifically, they note that the judgment dismissing the petition was entered on May 17, 1985 [609 F.Supp. 718], and the notice of appeal was not filed until June 20, 1985, more than thirty days later. They argue that Rule 4(a)(1) Fed.R.App.P. requires that a notice of appeal be filed within thirty days after entry of judgment and that this rule is mandatory, citing Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Appellees, however, overlook an important fact: the record reveals that the notice of appeal was received in the Clerk's office of this court on June 17, 1985 (because June 16 was a Sunday, June 17 was the final day for timely filing) and was transmitted to the district court where it was filed June 20, 1985. When a notice of appeal mistakenly is filed in the Court of Appeals, Rule 4(a)(1) provides it is deemed filed in the district court on the date it is received in the Court of Appeals.[1] See, e.g., Yates v. Mobile County Personnel Board, 658 F.2d 298 (5th Cir. Unit B 1981);[2] Fischer v. United States Department of Justice, 759 F.2d 461 (5th Cir.1985); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (Marshall, J., dissenting) (a mistaken filing in the Court of Appeals is clearly not a fatal defect under the Rules of Appellate Procedure). Accordingly, this court has jurisdiction to consider the appeal.
 
 III. DISMISSAL OF THE PETITION
 
 4
 Camp claims that the court below abused its discretion in dismissing with prejudice his complaint because of an inaccurate answer in his section 1915 affidavit of poverty.
 
 
 5
 28 U.S.C. Sec. 1915 provides in pertinent part:
 
 
 6
 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 
 
 7
 ....
 
 
 8
 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 
 
 9
 In accordance with section 1915(a) Camp submitted an affidavit of poverty with his petition to proceed in forma pauperis. The printed form furnished to inmates contained questions concerning the applicant's financial status. In response to the question "Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts)" Camp had answered "No." Attached to the affidavit, however, was a certificate of the authorized financial officer of the Metro Correctional Institution where Camp was confined attesting that Camp had an average monthly balance of $72.65 for the period September 14, 1984 through October 11, 1984. The district judge approved in forma pauperis status "with the understanding that this case may subsequently be dismissed should the court later determine that ... the allegation of poverty is untrue ...." Defendants filed a motion to dismiss, pointing out that Camp had an average monthly balance of $72.65 in his prison account and that his affidavit of poverty thus contained an untruth and was a fraud upon the court. Appellant, then proceeding pro se, filed a response on February 25, 1985 in which he asserted that the balance in his prison account fluctuated and "there is no possible way an inmate can tell the exact amount he presently retains in his account"; that the amount in question in his account had been verified by the accounting office official by certificate filed with his petition; and that there was no evidence of intent to defraud. Attached to his response was a certified copy of his prison account showing balances ranging from $93.65 to $.65 over the preceding five month period. The average monthly balance, according to appellant, was $25.13. He also tendered to the clerk of the court twenty dollars as partial payment of the filing fees. The district court, however, found that appellant, on the day he signed his affidavit, had $63.65 in his account and therefore his statement that he had no cash was untrue. Relying upon an unpublished opinion of this court, Collier v. Reigio, 760 F.2d 279 (11th Cir.1985), the judge dismissed Camp's petition with prejudice, and ordered the twenty dollars tendered as costs returned.
 
 
 10
 There is no question that proceeding in forma pauperis is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court. Carter v. Thomas, 527 F.2d 1332 (5th Cir.1976); Watson v. Ault, 525 F.2d 886 (5th Cir.1976). Similarly, section 1915(d) empowers the court to dismiss the complaint if, after granting in forma pauperis permission, the court later determines the action is frivolous or that the affidavit of poverty is untrue. Under the clear and unambiguous wording of the statute, dismissal is not mandatory, but discretionary. The statute, however, is silent as to whether the dismissal should be with or without prejudice and the legislative history is not enlightening. In Collier, supra, this court affirmed a dismissal with prejudice. There, the court noted that the petitioner's affidavit of poverty alleged no funds when he actually had thirty cents in his prison account. More important, however, the court found that the petitioner was a "chronic litigant who manipulates the amount of funds in his prison account so as to support his assertions of indigence." The Collier panel obviously upheld the dismissal because of the petitioner's history of fraudulent manipulation of his bank account. We doubt that, absent a petitioner's bad faith, the panel would have interpreted an affidavit of no funds coupled with a bank balance of thirty cents as a fraudulent misrepresentation of poverty[3] warranting as harsh a sanction as dismissal with prejudice. Recently, in Dawson v. Lennon, 797 F.2d 934 (11th Cir.1986), we affirmed a dismissal with prejudice where the evidence of gross misrepresentation of impecunity amounted to bad faith on the part of the petitioner.
 
 
 11
 Unlike Collier and Dawson, the sole basis for dismissal of Camp's petition was an inaccurate answer in his affidavit. There was no finding of bad faith, litigiousness or manipulative tactics. Indeed, in his petition to proceed in forma pauperis, Camp attached a certification by the prison financial officer attesting to Camp's actual bank balance and thus belied any inference of intentional misrepresentation. Moreover, upon receipt of the defendant's motion to dismiss, Camp filed a more current bank statement, and tendered twenty dollars as partial payment of fees. The district court first should have determined whether considering the facts as a whole, Camp's inaccuracy foreclosed in forma pauperis eligibility. If, indeed, it so found, then the court in the exercise of its statutorily conferred discretion, should have applied less severe sanctions: revoking in forma pauperis status and accepting the partial payment of filing fees or allowing Camp a reasonable time in which to pay the entire fee before dismissing the petition with prejudice, or alternatively, dismissing without prejudice. We hold, therefore, that the district court abused its discretion by automatically dismissing Camp's petition with prejudice.
 
 
 12
 Our position is supported by holdings of other circuits that have addressed this issue. These circuits have viewed dismissal with prejudice in the context of section 1915 as an extreme sanction to be exercised only in appropriate cases. In Harris v. Cuyler, 664 F.2d 388 (3d Cir.1981) the Third Circuit reversed a dismissal based upon an untruth in an affidavit of poverty and remanded to the district court for an inquiry as to petitioner's willfulness or bad faith. The Harris court found analogous support for its reasoning in Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). In Rogers, the Supreme court noted that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." Rogers held that Rule 37 of the Federal Rules of Civil Procedure does not authorize dismissal where a party's noncompliance with a discovery order was due to inability, rather than to "willfulness," "bad faith," or "fault." 357 U.S. at 212, 78 S.Ct. at 1096. Applying Rogers by analogy, the Harris panel held that dismissal with prejudice under section 1915 should be limited to cases presenting a clear record of delay or willful or contumacious conduct. 664 F.2d at 391; see also Thompson v. Carlson, 705 F.2d 868 (6th Cir.1983) (affirming dismissal with prejudice where district court, after vacating in forma pauperis grant, ordered petitioner to pay filing fee within thirty days or suffer dismissal and petitioner failed to comply).
 
 
 13
 In other contexts, this circuit consistently has treated dismissal with prejudice as a drastic sanction to be applied only after lesser sanctions are considered and found inadequate. Cohen v. Carnival Cruise Lines, 782 F.2d 923 (11th Cir.1986) (dismissal with prejudice for three months delay vacated); Goforth v. Owens, 766 F.2d 1533 (11th Cir.1985) (affirming dismissal with prejudice for counsel's failure twice to comply with court's orders after six month period); Jones v. Graham, 709 F.2d 1457 (11th Cir.1983) (failure to timely comply with five court orders; motion to dismiss unopposed for eight months). We perceive no reason why a more stringent rule regarding dismissals with prejudice should apply to petitions for in forma pauperis, many of which are brought pro se by persons with little legal acumen.
 
 
 14
 Accordingly, we vacate the judgment of the court below dismissing Camp's section 1983 petition with prejudice and remand to the district court for proceedings not inconsistent with this opinion.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 [1]
 Fed.R.Civ.P. 4(a)(1) provides:
 (a) Appeals in Civil Cases.
 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.
 
 
 [2]
 The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981
 
 
 [3]
 Not every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of in forma pauperis eligibility and dismissal of the complaint. For example, a petitioner who states he has only $20.00 is not appreciably less indigent if it is subsequently established that he has $20.30. The purpose of section 1915 permitting dismissal if the affidavit of poverty is untrue is not to punish the litigant whose affidavit contains an insignificant discrepancy, but to weed out the litigant who falsely understates his net worth in order to obtain in forma pauperis status to which he is not entitled based upon his true financial worth