898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rose MECKLEY, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Director of the Federal Bureau
of Prisons; West Virginia Department of Corrections; Ron
Gregory, Warden; Federal Correctional Institute, Lexington;
Warden, Federal Correctional Institute, Lexington; US
Marshal's Service, Southern District of West Virginia and/or
US Marshal's Service, Knoxville, Tennessee; Brenda Ernie;
Henry Norris; Vivian Phares; Sandra Alston; Officer
Garrett; Officer Gilbert; S. Whitlock; Janice Brown;
Officer Fernandez; Officer Liggett; Officer Burdette;
Officer Riley; Officer Wousley; Officer Lambirght;
Officer Carter; Officer Martini, Any other Guard Present at
FCI Lexington R & D (Receiving and Discharge) on March 5,
1989, at or around 3:15 p.m., and any and all parties as
they become known, Defendants-Appellees.
 No. 89-7710.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 15, 1990.
Rehearing and Rehearing In Banc Denied March 15, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (C/A No. 89-758)
 Rose Meckley, appellant pro se.
 Gary C. Call, Assistant United States Attorney; Charles G. Brown, III, Office of the Attorney General of West Virginia, for appellees.
 S.D.W.Va.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rose Meckley filed a civil complaint[1] claiming that while she was a West Virginia prisoner she was involuntarily taken by federal officials to the Federal Correctional Institution (FCI) in Lexington, Kentucky, where she was subjected to cruel and unusual conditions of confinement for a period of four days.[2] The district court granted leave to proceed in forma pauperis and dismissed the complaint sua sponte pursuant to 28 U.S.C. Sec. 1915(d). We agree with the district court that Meckley's claims regarding the conditions of confinement are frivolous and adopt that portion of the district court's order on appeal. However, we discern a basis for relief concerning Meckley's claim of an illegal out-of-state transfer and remand for further development.
 
 
 2
 Preliminarily, the resolution of the transfer issue turns on the application of well-recognized principles. Thus, Meckley's complaint could be properly dismissed only if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882); White v. White, --- F.2d ----, No. 88-7141 (4th Cir. Oct. 3, 1989) (slip op. at 4); Boyce v. Alizaduh, 595 F.2d 948, 950 (4th Cir.1979). Moreover, because Meckley is proceeding pro se, her complaint should be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); White, slip op. at 3. Finally, this Court can reverse the district court's order only if the dismissal was an abuse of discretion. White, slip op. at 3; Camp v. Oliver, 798 F.2d 434, 437 (11th Cir.1986). Under these principles, we find that Meckley has stated an arguable claim for relief.
 
 
 3
 While Meckley has no federal constitutional right to serve her state sentence in the state in which she was sentenced, see Olim v. Wakinekona, 461 U.S. 238, 248 (1983), she can raise a due process claim if West Virginia has created a liberty interest in serving one's sentence in-state. See Thompson v. Kentucky, 57 U.S.L.W. 4531 (U.S. May 15, 1989) (No. 87-1815); Olim, supra; Vitek v. Jones, 445 U.S. 480 (1980); Wolff v. McDonnell, 418 U.S. 539 (1974). To determine if West Virginia has created such a liberty interest, we look to see if West Virginia law and/or statutes place "substantive limitations on official discretion." Olim, 461 U.S. at 249.
 
 
 4
 We think Meckley has stated an arguable basis for relief under this theory based on the decision of the West Virginia Supreme Court in Ray v. McCoy, 321 S.E.2d 90 (W.Va.1984). In Ray, two female state prisoners who had been transferred to a federal prison in California[3] claimed they were entitled to serve their state sentences in-state under the West Virginia Constitution. The supreme court agreed and held that Article III, section 5, of the state constitution guaranteed a "right to in-state imprisonment."[4] Id. at 93. Thus, it appears that West Virginia has placed limits on official discretion regarding out-of-state transfers of state prisoners. Accordingly, because Meckley has stated the necessary factual predicate and an arguable legal basis for her transfer claim, we find that her complaint raises a nonfrivolous claim and merits a response from defendants. Neitzke, supra; Boyce, supra.
 
 
 5
 Therefore, we affirm the dismissal[5] of Meckley's conditions of confinement claims, vacate that portion of the order of dismissal relating to the out-of-state transfer claim, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 Meckley named state and federal officials as defendants and, thus, her complaint is necessarily based on 42 U.S.C. Sec. 1983 and the decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Meckley claimed that prison officials at FCI confiscated her legal papers, denied her access to a telephone to contact her attorney, denied her free postage for letters intended for her attorney, deprived her of cleaning supplies and a storage container for her contact lenses, allowed male guards to view her in her cell, and conducted an illegal body search
 
 
 [3]
 Under West Virginia law, the state department of corrections contracts with the federal government to house female state prisoners. See W.Va.Code Sec. 28-5C-2
 
 
 [4]
 That section provides, in relevant part, that "[n]o person shall be transported out of, or forced to leave the State for any offense committed within the same."
 
 
 [5]
 The district court dismissed the complaint without prejudice