**Roland Markland MATTHEWS,
Plaintiff–Appellant,**

v.

**Barry K. GAITHER, et al.,
Defendants–Appellees.**

No. 88–8916.

United States Court of Appeals,
Eleventh Circuit.

June 4, 1990.

Steven E. Scheer, Johnathan Hart, (Court-appointed), Savannah, Ga., for plaintiff-appellant.

Terry L. Long, Dept. of Law, Atlanta, Ga., for defendants-appellees.

Before JOHNSON and CLARK, Circuit Judges, and BROWN *, Senior District Judge.

PER CURIAM:

This case arises on appeal from the district court's order of November 23, 1988, dismissing the complaint with prejudice.

## I. FACTS

Roland Matthews, an inmate at Georgia's Coastal Correctional Institution, sought to file a *pro se* complaint against the Warden of Coastal Correctional Institution, Barry Gaither ("the Warden"), and the prison doctor, Dr. Vinueza. The complaint alleged that the Warden and Vinueza forced Matthews to engage in work details, knowing that Matthews was suffering from painful arthritis of the spine. The complaint also alleged that Vinueza denied Matthews medication that doctors at Augusta Medical Correctional Institution had prescribed for Matthews's condition.

Matthews sought to proceed *in forma pauperis* in order to avoid paying filing fees in this action. On August 8, 1988, he completed a form affidavit of indigency stating that he received $600 per year in gifts from family members but that he had zero dollars in his prison account at the time of the affidavit. Matthews, however, did not obtain from prison officials a certi-

---

* Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

fied statement that his account contained zero dollars. Matthews mailed the complaint and petition to proceed *in forma pauperis* to the district court, which apparently received the materials on August 15, 1988.

In an order dated August 19, 1988, the magistrate stated that he was not satisfied that Matthews was indigent, noting Matthew's $600–per–year–income and his failure to obtain a certificate stating his prison account balance. The magistrate directed Matthews to file a certified copy of his account records and balance within twenty days.[1] Matthews filed the account records on August 26, 1988. The records showed that $550 had been deposited in Matthews's account since January 1, 1988. The records also indicated that on the date that Matthews filed his affidavit of indigency stating that he had zero dollars in his account, he actually had a balance of $25.02.

In an order dated August 26, 1988, the magistrate found that Matthews had deliberately misstated his balance in order to avoid paying the court filing fee. The magistrate asserted that he had the discretion to dismiss Matthew's complaint with prejudice, but determined that a lesser sanction was appropriate. The magistrate denied Matthews's motion to proceed *in forma pauperis* and directed Matthews to pay eighty dollars as a filing fee within twenty days.

On September 8, 1988, Matthews filed a motion for reexamination of his indigency status, explaining that he filed his affidavit of indigency on the morning of August 8, 1988, and that he did not receive the twenty-five dollars noted in his prison account records until 3:00 p.m.[2] Matthews proposed a "compromise" filing fee of forty dollars, to be paid in increments of ten dollars every two to four weeks. In an order dated September 9, 1988, the magistrate rejected Matthews's proposed compromise filing fee. The order stated: "If plaintiff's action is dismissed for failure to pay the $80 partial filing fee, plaintiff may elect to save his money until he is able to pay the required fee."

On September 16, 1988, Matthews filed a motion to dismiss his complaint without prejudice, stating that he would refile in state court. On November 10, 1988, the magistrate issued a report and recommendation that the complaint be dismissed with prejudice because of the false affidavit and Matthews's failure to pay the eighty dollar filing fee. Matthews filed objections to the magistrate's report and recommendation and once again requested a dismissal without prejudice. Nevertheless, on November 23, 1988, the district court adopted the magistrate's report and recommendation and dismissed Matthews's complaint with prejudice.

In this appeal we consider whether the district court erred in dismissing Matthews's complaint with prejudice after Matthews moved to dismiss the case without prejudice.

## II. ANALYSIS

Dismissal under Fed.R.Civ.P.Rule 41(a)(1) is a question of law subject to *de novo* review in this Court. *Cf. Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.1976) (district court has no discretion under Rule 41(a)(1)); *Pilot Freight Carriers, Inc. v. International Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir.1975). This Court reviews a district court's order dismissing a complaint under 28 U.S.C.A. § 1915(d) for abuse of discretion. *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir.1987).

---

1. The magistrate allowed the complaint to be filed "for record purposes only," with no service of process.

2. The magistrate disputed this claim in an order dated September 9, 1988, where the magistrate found the following:

   Upon receiving a record of plaintiff's prison account transactions, the Court discovered that $50.00 had been deposited to plaintiff's prison account on July 26, 1988, giving him a balance of $50.02. Plaintiff withdrew the sum of $25.00 on August 2, 1988, leaving a balance of $25.02. Plaintiff made no further withdrawals from his account until August 10, 1988, which was *after* the date he executed an affidavit that he had no funds in his account.

   (emphasis in original).

## A. *Jurisdiction*

Fed.R.Civ.P. 41(a)(1) provides in part,

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment.... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....

It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. *Pilot Freight Carriers,* 506 F.2d at 916 ("Rule 41(a)(1) means precisely what it says."); *Williams,* 531 F.2d at 1264 ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right."); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir.1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); *Exxon Corp. v. Maryland Cas. Co.,* 599 F.2d 659, 661 (5th Cir.1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court."). The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. J. Moore, *Moore's Federal Practice* ¶ 41.02[2] (1988). The fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence. *Williams,* 531 F.2d at 1263; *Carter,* 547 F.2d at 259 n. 2.

■ The *in forma pauperis* statute provides in part: "The court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the allegation is frivolous or malicious." 28 U.S.C.A. § 1915(d). This Court has held that dismissal with prejudice is an appropriate sanction in cases involving a bad-faith misstatement of assets. *Dawson v. Lennon,* 797 F.2d 934, 935 (11th Cir.1986) (dismissal with prejudice, although a last resort, is appropriate in cases involving bad faith). In the context of Rule 11 of the Federal Rules of Civil Procedure, which also concerns sanctions, several circuits have held that although a district court lacks jurisdiction over the substance of a case after a Rule 41(a)(1)(i) notice of dismissal, the court retains power to impose sanctions under Rule 11. *See Danik, Inc. v. Hartmarx Corp.,* 875 F.2d 890, 895 (D.C.Cir. 1989), *cert. granted sub nom. Cooter & Gell v. Hartmarx Corp.,* ——— U.S. ———, 110 S.Ct. 275, 107 L.Ed.2d 256 (argued February 20, 1990); *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600, 603–04 (1st Cir. 1988); *Schering Corp. v. Vitarine Pharmaceuticals, Inc.,* 889 F.2d 490, 496 (3d Cir.1989); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987); *Kurkowski v. Volcker,* 819 F.2d 201, 203 (8th Cir.1987); *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir.1987). *But see, Johnson Chem. Co. v. Home Care Prods., Inc.,* 823 F.2d 28 (2d Cir.1987) (Rule 41(a)(1)(i) notice of dismissal deprives court of jurisdiction to impose Rule 11 sanctions). These courts reason that while a Rule 41(a)(1) notice of dismissal prevents a court from considering the merits of a case, the court still has the authority under Rule 11 to enforce rules of court through sanctions.

An award of fees under Rule 11 is more like a sanction for [criminal] contempt of court than like a disposition on the merits or even an award of costs. An award under Rule 11 is a "sanction" for violating a rule of court. The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit.

*Danik,* 875 F.2d at 894 (quoting *Szabo,* 823 F.2d at 1079); *see also Schering,* 889 F.2d at 495–96 (court retains jurisdiction to impose sanctions designed to deter misbehavior before the court); *Muthig,* 838 F.2d at 603 (court retains jurisdiction to punish with sanctions abuse of the court's process). Under the rationale of the Rule 11 cases, it is apparent that courts retain jurisdiction to impose a sanction of dismissal with prejudice in cases involving a bad-faith misstatement of assets in an *in for-*

*ma pauperis* affidavit, notwithstanding the plaintiff's Rule 41(a)(1) notice of dismissal.

### B. *Sanctions*

 The purpose of section 1915(d) is not to punish litigants whose affidavits contain insignificant discrepancies, but to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth. *Camp v. Oliver*, 798 F.2d 434, 438 n. 3 (11th Cir.1986).[3] A district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty. *Dawson*, 797 F.2d at 935.[4] In the absence of a finding of bad faith misstatement of assets, litigiousness or manipulative tactics, however, dismissal with prejudice is not warranted. *Camp*, 798 F.2d at 438.

 In the present case, the magistrate found that Matthews deliberately had misstated his prison account balance and, in order to support the misstatement, Matthews had withdrawn all of his funds from his account shortly before filing his complaint. The magistrate noted that Matthews had offered to pay a partial filing fee, but the magistrate nonetheless found that Matthews had acted in bad faith. *Magistrate's Report and Recommendation* 2. Considering these facts as a whole, Matthews's inaccurate affidavit should not have foreclosed *in forma pauperis* eligibility. *Camp*, 798 F.2d at 438. The inaccuracy in Matthews's affidavit was minimal: $25.02. There is no evidence that the misstatement was made in bad faith in order to qualify Matthews for *in forma pauperis* status when he was not entitled to that status.[5] In fact, Matthews willingly sent his account records, which showed the inaccuracy of his affidavit, to the district court. There also was no finding that Matthews had previously misrepresented his assets in order to obtain *in forma pauperis* status. *See Dawson*, 797 F.2d at 935 (courts previously had found plaintiff's affidavits of poverty to be false). Accordingly, we hold that the district court abused its discretion in determining that this case warranted dismissal with prejudice.

 The magistrate originally imposed a less drastic sanction than dismissal with prejudice. The magistrate's September 9, 1988 order gave Matthews a choice between paying an $80.00 partial filing fee as a sanction and having the case dismissed without prejudice.[6] Matthews chose the latter course, moving for dismissal without prejudice. The court then, without explanation, changed its position and recommended that the dismissal be with prejudice. This unjustified change also was an abuse of discretion. *See Camp*, 798 F.2d at 438.

REVERSED.

---

3. The *Camp* Court overturned a district court's order dismissing an *in forma pauperis* complaint with prejudice because the plaintiff had stated that he had no assets when his prison account actually contained $63.65. This Court noted that there had been no finding of bad faith, litigiousness or manipulative tactics, that the plaintiff had attached a certified copy of his account records to the *in forma pauperis* petition, and that the plaintiff had tendered $20.00 in partial payment of fees on receipt of the defendant's motion to dismiss. *Camp*, 798 F.2d at 438.

4. The *Dawson* Court found that the plaintiff acted in bad faith by attempting to obtain *in forma pauperis* status while failing to draw the district court's attention to previous authoritative determinations that he was not indigent. *Dawson*, 797 F.2d at 935–36.

5. The magistrate emphasized that Matthews made two withdrawals of $25.00 shortly before filing his complaint: on August 2 and August 10, 1988. Apparently, prisoners are permitted to withdraw a maximum of $25.00 per week for purchases at the prison store. Matthew's offer to pay a partial filing fee over time, however, belies the magistrate's finding that Matthew's withdrawals were designed to avoid paying filing fees.

6. The September 9, 1988 order provided: "If the plaintiff's action is dismissed for failure to pay the $80.00 filing fee, plaintiff may elect to save his money until he is able to pay the required fee." This statement clearly implied that any dismissal would be without prejudice.