[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13743
Non-Argument Calendar

_____

D. C. Docket Nos.
05-00064-CV-3-MCR-MD
03-34212-LMK

IN RE:  NICK CHARLES ARNOLD,

Debtor.

_____

NICK CHARLES ARNOLD,
f.n.a. Alvin Reginald Barney, Jr.,

Plaintiff-Appellant,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
as nominee for Countrywide Home Loans, Inc.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 26, 2006)**

Before TJOFLAT, BIRCH, and CARNES, Circuit Judges.

PER CURIAM:

Nick Charles Arnold, a debtor proceeding pro se, appeals from the district court's dismissal of his Chapter 7 bankruptcy appeal for failure to follow a court order and the denial of his motion for leave to proceed in forma pauperis ("IFP"), 28 U.S.C. § 1915(a)(3)

I.

The district court did not abuse its discretion in dismissing Arnold's case under Fed.R.Civ.P. 41 for failure to comply with the court's order requiring him to pay the filing fee. On March 30, 2005, the district court ordered Arnold to pay the full filing fee within ten days, warning him that failure to do so would result in dismissal. When Arnold failed to respond to the court or submit the filing fee, the court dismissed his appeal from the bankruptcy court on May 23, 2005, nearly two months after its March 30 order. That dismissal was grounded on a clear record of delay; Arnold had ample time to pay the filing fee; and it is unlikely that a lesser sanction would have sufficed. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Therefore, there was no abuse of discretion in dismissing Arnold's appeal from the bankruptcy court because of his failure to comply with the March 30 order. See Gratton v. Great Am. Commc'n, 178 F.3d 1373, 1374 (11th Cir. 1999).

II.

Arnold also contends that the district court should not have denied him IFP status. Appeal from a final judgment brings up for review all preceding non-final orders. Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir. 1989). Denials of IFP status are reviewed only for abuse of discretion. Camp v. Oliver, 798 F.2d 434, 436-37 (11th Cir. 1986); see also Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005).

Section 1915(a) provides that any court in the United States may authorize the commencement of a proceeding without prepayment of fees by a person who submits an affidavit that includes a statement of assets that the person possesses and indicates that the person is unable to pay such fees. See 28 U.S.C. § 1915(a)(1). The court, however, may deny an IFP motion if it finds that the action is not taken in good faith. See 28 U.S.C. § 1915(a)(3).

Both the bankruptcy court and the district court determined that Arnold's claim to a homestead exemption not only was without merit but also was frivolous, meaning that it was not being pursued in good faith. And they were right. The Florida constitutional provision setting out the homestead exemption for that state, says this:

Homestead; exemptions

(a) There shall be exempt from forced sale under process of any

3

court, and no judgment, decree or execution shall be a lien thereon, <u>except for</u> the payment of taxes and assessments thereon, <u>obligations contracted for the purchase, improvement or repair thereof</u>, or obligations contracted for house, field or other labor performed on the realty . . . .

Fla. Const. Art. X § 4 (emphasis added). The mortgage on Arnold's home clearly was an "obligation[] contracted for the purchase" of the home and therefore plainly excepted from the homestead exemption. <u>See</u> Fla. Const. Art. X § 4(a). Since Arnold's mortgage was not protected by Florida's homestead exemption, it manifestly was not exempt in bankruptcy. <u>Id.</u> Therefore, Arnold's claim was frivolous, and the district court did not abuse its discretion in denying his IFP motion. <u>See</u> 28 U.S.C. § 1915(a)(3).

**AFFIRMED.**

4