[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-14053
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2008
THOMAS K. KAHN
CLERK

D.C. Docket  No. 07-01782-CV-RLV-1

CORNELIUS MARTIN, II,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
MICHAEL ZENK,
X. SHUMAN,
HECTOR LOPEZ,
Individually,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(August 7, 2008)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Cornelius Martin, II, a pro se federal prisoner, appeals the district court's dismissal of his complaint, which raised claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 91 S.Ct. 1999 (1971). The district court dismissed the complaint without prejudice because Martin's allegation of poverty was untrue, 28 U.S.C. § 1915(e)(2)(A). No reversible error has been shown; we affirm.

Martin's FTCA claim stemmed from an injury he received when he tripped on a sidewalk at the Federal Prison Camp Atlanta, where he was housed. He also alleged, under Bivens, that he received inadequate medical care for this injury in violation of the Eighth Amendment. With his complaint, on 26 July 2007, Martin submitted an affidavit of indigency, dated 22 May 2007, which indicated he received $200 a month from friends and relatives; and as of the date of the affidavit's execution, he had $33.36 in his prison bank account. His prison trust fund account statement -- run on 24 May 2007 although it was supposed to cover the six-month period immediately preceding the filing of his complaint, 28 U.S.C. § 1915(a)(2) -- noted that he had received a total of $1,818 in deposits in the previous six months and had a maximum balance of $358.61 in the preceding 30

days. His average balance for the six-month period of the statement was $233.56 while the average monthly deposit was $303.

Martin had submitted the identical affidavit and prison trust fund account statement in another civil action -- Martin v. Zenk, 1:06-CV-3065 (N.D. Ga. 2007) -- filed in the same federal district and assigned to the same federal district court judge. In Martin v. Zenk, the district court concluded that Martin was unentitled to proceed *in forma pauperis* and dismissed Martin's complaint without prejudice:

> Although it is true that as of May 22, 2007, the plaintiff had only $33.36 in his account, the prison records show that he had deposits of $1818.00 in the preceding six months and had a maximum balance of $358.61 in the preceding 30 days. The court finds that plaintiff had sufficient funds to prosecute this action but chose to spend those funds on matters other than this litigation.

This Court affirmed that dismissal stating that the dismissal without prejudice was proper in the light of Martin's failure to demonstrate poverty.

In the instant suit, Martin again sought leave to proceed without the prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1) claiming that his poverty rendered him unable to make the required payments. In support of his request, Martin submitted the very same documents that he had submitted in Martin v. Zenk and on which the district court had ruled -- a ruling we later affirmed -- that the allegation of poverty was untrue. Again because the allegation

3

of poverty was untrue, the district court denied Martin leave to proceed *in forma pauperis*. Noting the compulsory language of section 1915(e)(2)(A) that a federal court "shall dismiss" a proceeding *in forma pauperis* "at any time if the court determines that the allegation of poverty is untrue," the district court dismissed Martin's case without prejudice.[1]

Martin complains that the district court erred by not giving him the opportunity to explain the depletion in his account; and in support of his argument, Martin cites Collier v. Tatum, 722 F.2d 653 (11th Cir.1983). Collier was decided under a previous version of the IFP statute -- then 28 U.S.C. § 1915(d) -- which provided that the court "may dismiss the case if the allegation of poverty is untrue." See Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986) (noting that "[u]nder the clear and unambiguous language of [former section 1915(d)], dismissal is not mandatory, but discretionary."). Under that version of the statute, Collier said that where decreases in a prisoner's trust account are considered to be a basis for denial of indigent status, "the prisoner should be given some reasonable

---

[1] Although the district court's dismissal was without prejudice, it may be that his FTCA claim was time-barred on the date of dismissal. Martin filed his complaint in July 2007, and the limitations period seems to have expired on his FTCA claim in August 2007, six months after the denial of his last administrative appeal. 28 U.S.C. § 2401(b). But because Martin has advanced no argument that the district court dismissal operated to prejudice his FTCA claim, we do not address the import of prejudice, if any exists. Also we make no intimations about prejudice on Martin's Bivens claim. From his complaint, it is unclear when the statute of limitations began.

4

opportunity, after appropriate notice, to explain and refute any finding to that effect." Id. at 656 (quoting Evans v. Croom, 650 F.2d 521, 527 (4th Cir. 1981)).

Assuming arguendo that Collier applies to the revised IFP statute despite the use of the compulsory "shall dismiss" language over the now-discarded permissive"may dismiss" language, we see no reversible error. Martin is not unfamiliar with the rules applicable to *in forma pauperis* applications. And Martin was on notice from his earlier submission of these documents that they failed to support his allegations of poverty. Fully advised of the inadequacy of this affidavit and prison trust statement to establish indigency, Martin relied on these documents without adding explanation or otherwise seeking to refute the district court's earlier rejection of these materials in Martin v. Zenk. Whatever process may be required to assure that a litigant has a full and fair opportunity to be heard, no litigant is entitled to be heard on the same question over and over again.

**AFFIRMED.**