[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14242
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00238-CV-OC-10GRJ

JEREMY PINSON,

Plaintiff-Appellant,

versus

J. GRIMES,
Senior Officer,
R. MCCOLLOUGH,
Lieutenant, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jeremy Pinson, a *pro se* prisoner, appeals the district court's dismissal, with prejudice, of his civil rights complaint filed pursuant to 28 U.S.C. §§ 1331, 1343. Pinson raises several issues on appeal, which we address in turn. After review, we vacate and remand in part, and affirm in part.

I.

Pinson first asserts the district court abused its discretion when it dismissed his complaint with prejudice. He asserts he never received the order to show cause as to why his case should not be dismissed because between June 17, 2009, and the current appeal he had been placed in restraints several times and had transferred prisons twice. He contends his restraints and transfers "likely explain the non-delivery of the June 17, 2009 Court Order."[1]

We review a district court's dismissal of a litigant's complaint with prejudice under 28 U.S.C. § 1915 for abuse of discretion. *See Camp v. Oliver*, 798 F.2d 434, 436-39 (11th Cir. 1986). Dismissal with prejudice is "a drastic sanction to be imposed only if lesser sanctions are inadequate." *Id.* at 436. In *Camp*, we

---

[1] Generally, we will not consider an issue not raised before the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). However, because a "a circuit court's power to entertain an argument raised for the first time on appeal is not a jurisdictional one," we will consider an issue raised for the first time on appeal under certain circumstances, including when the party had no opportunity to raise the issue at the district court level. *Id.* at 1332. We will review Pinson's issues on appeal because based on Pinson's pleadings and assertions, it appears Pinson did not receive the district court's Order to Show Cause and, thus, did not have an opportunity to raise any of his current issues before receiving an order of dismissal.

2

found the district court abused its discretion by automatically dismissing the litigant's petition with prejudice when there was "no finding of bad faith, litigiousness or manipulative tactics." *Id.* at 438.

Here, the district court failed to consider whether lesser sanctions were adequate. Although the district court commented it had to research Pinson's filing history on its own, it did not specifically find Pinson had omitted the cases in bad faith or was attempting to manipulate the court. Accordingly, the district court abused its discretion by dismissing Pinson's complaint with prejudice, and we vacate and remand as to this issue.

II.

Pinson next asserts the district court erred by issuing him a strike, pursuant to 28 U.S.C. § 1915(g), for abuse of the judicial process for failing to list all related court cases on his complaint under penalty of perjury. He asserts the district court erred because (1) he could not disclose information he did not possess; (2) there was no evidence the failure to disclose was deliberate or an intentional effort to defraud the court; (3) the law did not require a detailed disclosure; and (4) if he had been barred from filing a lawsuit as a pauper by § 1915(g), the defendants should have raised those grounds. We review the district court's determination of

3

qualifying strikes *de novo*.  *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998),

*abrogated on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007).

A prisoner who brings a civil action or files an appeal *in forma pauperis*,

"shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).

The court shall assess and collect a partial filing fee when funds exist.  *Id.*  An

exception exists for prisoners who have "no assets and no means by which to pay

the initial partial filing fee."  *Id.* § 1915(b)(4).  However, the statute provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

*Id.* § 1915(g).  This provision is known as the "three strikes" provision and

requires frequent filer prisoners to prepay the entire filing fee before federal courts

may consider their lawsuits and appeals.  *Rivera*, 144 F.3d at 723.

In *Rivera*, we discussed the district's finding the litigant had "lied under

penalty of perjury about the existence of a prior lawsuit."  As a sanction, the

district court dismissed the action without prejudice, concluding the litigant had

abused the judicial process.  *Id.* at 731.  "Although the district court may not have

uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial

4

process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.* We concluded the district court did not err in counting that case as a strike against the litigant. *Id.*

Although Pinson listed two cases in response to the question whether he had "initiated other actions . . . in either state or federal court that relate[d] to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement," Pinson should have listed at least two other federal cases. Pinson initiated two other federal cases within a month of filing the complaint at issue. Even if Pinson did not have access to his legal materials when he filed his complaint, he would have known he had filed two other cases within the previous month. Thus, the district court did not err in finding an abuse of judicial process and issuing a strike, and we affirm as to this issue.

III.

Pinson also asserts the "three strikes" provision of 28 U.S.C. § 1915(g) violates the First Amendment's "right to petition." In *Rivera*, we held that § 1915(g) did not violate the First Amendment's right to access the courts because frequent filer prisoners' access to the courts remained "adequate, effective, and meaningful" even though § 1915(g) "serve[d] to disqualify them from prepaying partial, as opposed to entire, federal court filing fees during their term of

incarceration." *Id.* Thus, this argument is foreclosed by precedent and we affirm as to this issue.

## IV.

Upon review of the record on appeal, and after consideration of Pinson's appellate brief, we affirm in part, and vacate and remand in part.

**AFFIRMED in part;  VACATED and REMANDED in part.**