[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-10728
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00161-MP-GRJ

WILLIAM H. MACK, JR.,

Plaintiff-Appellant,

versus

CITY OF HIGH SPRINGS,
HIGH SPRINGS POLICE DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 1, 2012)

Before CARNES, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

William Mack, appearing *pro se*, appeals the district court's *sua sponte*

dismissal of his complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finding no error, we affirm.

## I

In his complaint, Mr. Mack alleged that the City of High Springs, the High Springs Police Department, and the City's sanitation services provider each discriminated against him, because of his race and because of his disability, by providing more favorable treatment to his white neighbor. Specifically, Mr. Mack claimed that the police responded more favorably and seriously to his neighbor's complaints than they did to his, and that the sanitation services provider treated his neighbor more favorably by placing her trash can where she desired while simultaneously refusing to do the same for him.

The magistrate judge liberally construed Mr. Mack's complaint to state causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b) and (f)(2), and Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d. The magistrate judge recommended dismissal of the complaint because Mr. Mack failed to state a claim upon which relief could be granted. The magistrate judge concluded that (1) Mr. Mack did not sufficiently state an ADA claim because he did not allege any facts that plausibly suggested that any of the defendants' actions were due to his disability; (2)

2

Mr. Mack failed to sufficiently allege an FHA claim because he did not allege any facts that plausibly suggested that any of the defendants' actions were due to his handicap; and (3) Mr. Mack did not sufficiently state a Title VI claim because he did not allege facts that plausibly suggested the defendants' actions were based on his race. Mr. Mack objected to the magistrate judge's report and recommendation. In his objections, Mr. Mack alleged several additional facts, attached additional exhibits, clarified that his complaint involved claims alleging the denial of equal protection on account of his race under 42 U.S.C. § 1983, and stated that he had provided sufficient allegations that the defendants treated him differently than his white female neighbor.

The district court, after conducting a *de novo* review of Mr. Mack's objections, adopted the report and recommendation and dismissed Mr. Mack's complaint for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Mr. Mack then filed a motion for reconsideration. In his motion, Mr. Mack clarified that he had not filed an FHA complaint, and argued that his claims had been sufficiently presented. The district court denied Mr. Mack's motion because he had failed to demonstrate any exceptional circumstances that would justify relief under Rule 60(b)(6), and because Rule 60(b) is not intended to be a second

---

[1] The district court did not specify whether the dismissal was with or without prejudice. Because a dismissal under § 1915 is an "extreme sanction," however, we construe the dismissal to have been without prejudice. *See Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986).

3

opportunity to rehash arguments that previously failed.

## II

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a plaintiff is seeking to proceed *in forma pauperis*, a court is required to dismiss a case if it determines that the action fails to state a claim on which relief may be granted. We review *de novo* a district court's dismissal of an action under § 1915(e)(2)(B)(ii), and view the factual allegations in the complaint as true. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). In reviewing a dismissal under § 1915(e)(2)(B)(ii), we apply the same standard governing dismissals under Rule 12(b)(6). *See id*.

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotations omitted). We must limit our consideration to the plaintiff's complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). We accept as true the factual allegations in the complaint and draw all reasonable inferences from these allegations in the plaintiff's favor. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The plaintiff, however, must allege more than "labels and conclusions." *See Fin. Sec. Assurance, Inc.*, 500

4

F.3d at 1282 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–55 (2007)).

"[T]he factual allegations in [the] complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Id.* We hold *pro se* pleadings to a less strict standard than pleadings filed by lawyers and construe them liberally. *See Alba*, 517 F.3d at 1252.

Finally, "[w]e review the denial of a motion for reconsideration for an abuse of discretion." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

## III

On appeal, Mr. Mack appears to argue (1) that the magistrate judge did not consider all of his "evidence," (2) that he presented sufficient evidence of discriminatory intent, and (3) that the district court erred in denying his motion for reconsideration.[2] We do not find the arguments to be persuasive.

---

[2]Although the notice of appeal specifies that Mr. Mack is appealing the district court's order of January 19, 2012 (dismissing his complaint) and the judgment of January 20, 2012, Mr. Mack's appellate brief also challenges the February 2, 2012, order denying his motion for reconsideration. Federal Rule of Appellate Procedure 3(c)(1)(B) requires the appellant to "designate the judgment, or order, or part thereof being appealed." "Where an appellant notices the appeal of a specified judgment only, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal quotations and alteration omitted). We are required, however, to "liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Therefore, in a case like this one, where the appellees have not been prejudiced because they have not appeared or filed a brief in response to Mr. Mack's appeal, we will liberally construe the notice of appeal to include the February 2, 2012 order, which it appears Mr. Mack intended to appeal. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). *See also Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (considering the denial of a Rule 59(e) motion that was not mentioned in the notice of appeal because the appellant's intent to appeal could readily be inferred from the

To the extent that Mr. Mack argues that the magistrate judge and/or the district court did not consider all of his "evidence," we disagree. The record establishes, and we conclude, that all of Mr. Mack's allegations were considered. The magistrate judge described Mr. Mack's allegations in detail and even construed the complaint to include an FHA claim because of an exhibit showing that Mr. Mack had filed a complaint with the Florida Commission on Human Relations. Additionally, the district court stated that it considered the report and recommendation and conducted a *de novo* review of Mr. Mack's objections, which included numerous exhibits, when it adopted the report and dismissed Mr. Mack's complaint. Accordingly, we find no merit to Mr. Mack's argument that the lower court did not consider everything in the complaint. We note also that Mr. Mack was not allowed to amend his complaint through his objections and/or motion for reconsideration.

On the merits, we agree with the district court that Mr. Mack failed to state claims upon which relief could be granted.[3] Specifically, in order to state a claim

opening brief and the defendants were not prejudiced).

[3] Mr. Mack does not mention the FHA in his brief, and in his motion for reconsideration below he clarified that he was not asserting a claim under the FHA. Accordingly, we deem this claim to be abandoned. *See Timson*, 518 F.3d at 874 (stating that issues not raised by *pro se* litigants on appeal are deemed abandoned).

In his brief Mr. Mack raises for the first time the argument that he had brought a claim under Title VII of the Civil Rights Act of 1964. Because Mr. Mack failed to raise any Title VII claim in the district court, it is forfeited. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1152 (11th Cir. 2011) ("It is well settled that issues not raised in the district court in the first instance are

6

under Title II of the ADA, Mr. Mack needed to allege sufficient facts to establish:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011) (quoting *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)). Accepting as true the allegations that Mr. Mack is disabled and that he was discriminated against, Mr. Mack failed to allege facts suggesting that the defendants' actions – providing more favorable treatment to his neighbor and responding more favorably and seriously to the complaints made by his neighbor – were due to his disability.

Mr. Mack fares no better on the Title VI claim. "Title VI prohibits discrimination on account of race, color, or national origin in all programs and activities receiving federal financial assistance[.]" *Robinson v. Vollert*, 602 F.2d 87, 89 (5th Cir. 1979). *See also Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1169 (11th Cir. 2003) (stating that Title VI prohibits discrimination by recipients of federal funding only). Mr. Mack, however, failed to sufficiently allege facts indicating that any of the defendants received federal funds, that he was denied participation in a

---

forfeited.").

7

federally funded program, or that any such denial was based on his race, color, or national origin.

In his objections to the report and recommendation, Mr. Mack clarified that he was also bringing claims under 42 U.S.C. § 1983. On appeal, Mr. Mack argues that he was denied equal protection, and that the defendants retaliated against him for exercising his rights when he filed a state court action. Mr. Mack, however, failed to allege sufficient facts to state an equal protection or retaliation claim.

In order to state an equal protection claim, Mr. Mack needed to allege sufficient facts to indicate (1) that he was similarly situated with others who received more favorable treatment, and (2) that his discriminatory treatment was based on a constitutionally protected interest such as race. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Mr. Mack failed to sufficiently allege facts demonstrating that the defendants treated him differently because of his race. Indeed, Mr. Mack only alleged in a conclusory manner that he was discriminated against because of his race or disability. Such conclusory allegations, however, are not sufficient to properly state a claim. *See Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"To establish a First Amendment retaliation claim, the plaintiff must show

8

'first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech.'" *Keeton v. Anderson-Wiley*, 664 F.3d 865, 878 (11th Cir. 2011) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). Even assuming that his prior lawsuit was protected speech, Mr. Mack failed to provide sufficient factual allegations that the defendants' actions – more favorable responses by the police to his neighbor's complaints and the sanitation provider's placement of the neighbor's trash can – adversely affected his protected speech, or that the defendants' actions were causally connected to his prior lawsuit.

Finally, Mr. Mack appears to argue that the district court erred in denying his motion for reconsideration because he presented evidence showing exceptional circumstances, and that absent the relief he requested, an extreme and unexpected hardship would result. We disagree. A motion for reconsideration "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Richardson*, 598 F.3d at 740 (holding that the district court did not abuse its discretion in denying motion for reconsideration where plaintiff simply attempted to relitigate old matters). In his motion for reconsideration Mr. Mack merely raised the same arguments – that the documents he had filed

9

provided substantial factual allegations of the defendants' discriminatory actions –
that he made in his objections to the report and recommendation. Accordingly, we
conclude that the district court did not abuse its discretion in denying Mr. Mack's
motion for reconsideration.

## IV

The district court's dismissal of Mr. Mack's complaint, and denial of Mr.
Mack's motion for reconsideration, are affirmed.

**AFFIRMED.**