Ronnie Lee **CAMP**, Plaintiff,

v.

Dr. **OLIVER**, Medical Director, et al., Defendants.

Civ. A. No. 84–485–2–MAC.

United States District Court, M.D. Georgia, Macon Division.

May 17, 1985.

M.P. Schildmeyer, Jeri Kagel, Atlanta, Ga., for plaintiff.

William P. Tinkler, Jr., Jennifer L. Hackemeyer, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

In this section 1983 suit, plaintiff complains of medical treatment he received at the Georgia Diagnostic and Classification Center in Jackson, Georgia, and at the Rivers Correctional Institution in Hardwick, Georgia. On December 5, 1984, the court allowed plaintiff to proceed in forma pauperis because he satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a). The defendants filed a motion to dismiss on February 19, 1985. They contend that the plaintiff did not truthfully answer the questions on the court's pauperis form and, therefore, that his complaint should be dismissed.

Each prisoner who petitions the court to proceed in forma pauperis must complete the court's form titled "Affidavit in Support of Request to Proceed In Forma Pauperis." Question three states:

3. Do you own any cash, or do you have money in a checking or savings account? Yes _____ No _____ (Include any funds in prison accounts) If the answer is yes, state the total value of the items owned.

The plaintiff placed an "x" beside the word no, thus indicating that he had no money in his prison account. In fact, he had $63.65 in his account on the day he signed the affidavit.

The plaintiff does not dispute the incorrectness of his answer on the pauperis affidavit. On February 25, 1985, the court received a letter from the plaintiff—who was *pro se* at the time—attempting to explain the discrepancy on his affidavit. Nowhere in the letter did he explain why he answered question three incorrectly. Even if the plaintiff did not know the exact amount of money in his prison account, he knew he had some money.

*Collier v. Reigio,* 760 F.2d 279 (11th Cir. 1985), supports dismissal of plaintiff's case. Plaintiff Collier stated on his affidavit of poverty that he had no cash in any account, when in fact he had thirty cents in his prison account. The Eleventh Circuit noted that the district court identified Collier as "a chronic litigant who manipulates the amount of funds in his prison account so as to support his assertions of indigence." The Eleventh Circuit concluded that Collier's history of litigation and the fact that he submitted an untrue affidavit justified the district court's dismissal of the case.

■ Federal law provides that "[t]he court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C.A. § 1915(d) (West 1966). The decision whether to dismiss plaintiff's case is committed to the discretion of the court. This court agrees that

[t]he federal courts, beseiged as they are with prisoner suits, cannot wink at inmate prevarication. If meritorious cases are to receive sorely-needed attention, the judiciary can ill afford to tolerate disinformation or benignly to indulge those who gild, or as Judge Aldrich would have it ... paint the lily.

*Temple v. Ellerthorpe,* 586 F.Supp. 848, 849 (D.C.R.I.1984). In the court's best judgment, this case should be, and hereby is, DISMISSED with prejudice. *See Harris v. Cuyler,* 664 F.2d 388, 390 (3rd Cir. 1981).

■ The plaintiff's attorneys have tendered a check in the amount of $20.00 to the clerk of the court as a partial filing fee. Payment of a partial filing fee does not cure plaintiff's incorrect answer on his pauperis affidavit. The clerk has held this money pending the court's ruling on this motion to dismiss. The clerk is directed to

return the check to the plaintiff's attorneys.