John E. DAWSON Plaintiff-Appellant,

v.

M.C. LENNON, Warden, et al, Defendants-Appellees.

No. 85–3547

Non Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 25, 1986.

Kenneth W. Sukhia, Asst. U.S. Atty., Tallahassee, Fla., for defendants-appellees.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case Dawson, an inmate at the Federal Correctional Institute, Tallahassee, Florida appeals the dismissal with prejudice of a first amendment suit. The prison administration refused to allow him to conduct services in the "pagan religion" during a period in which he was in disciplinary segregation, and then revoked recognition of his church. The administration had previously recognized the pagan religion and permitted Dawson to conduct services. It had granted some of his requests for supplies and for permission to conduct various rites, and denied others because of the potential for disruption of prison routine and discipline. Dawson filed suit in federal district court, alleging that these actions infringed on his first amendment right to free exercise of religion.

Dawson moved for leave to proceed in forma pauperis to avoid paying fees and other expenses in pursuing his suit. He filed an affidavit stating that he had no money or real estate, vehicles or other assets that would enable him to pay his own court expenses. The magistrate initially granted him in forma pauperis status. The government challenged on grounds that Dawson had large holdings of money and property outside of prison. A number of courts previously had authoritatively determined that Dawson had substantial assets. *See, e.g., Dawson v. U.S.,* # 84–3079 (11th Cir. Sept. 6, 1984) (unpublished denial of reconsideration of dismissal); *U.S. v. Dawson,* MCR: 81–00213; MCA: 83–2034/RV (N.D.Fla. Dec. 8, 1983) (adopting Magistrate's Order, Report and Recommendation of Nov. 14, 1983). Dawson had claimed that all his property in reality belonged to church of which he was founder and president. The church was in previous hearings determined to be a sham to conceal Dawson's property. Dawson had filed his in forma pauperis affidavit without alluding to these decisions or attempting to demonstrate a change in circumstances that would render their determination no longer valid. The magistrate found on May 14, 1985 that Dawson's in forma pauperis affidavit did not disclose all available assets and that he filed it in bad faith. The district court on June 7, 1985 adopted the magistrate's report and dismissed Dawson's case with prejudice.

■ In proceedings brought in forma pauperis, the court may dismiss the case if the allegation of poverty is untrue. 28 U.S.C. § 1915(d). This court has upheld dismissal of a claim under 42 U.S.C. § 1983 of a prisoner who professed to have no money in his prison accounts, which in fact contained thirty cents, and who had a history of manipulating his accounts to support claims of indigency. *Collier v. Reigio,* 760 F.2d 279 (11th Cir.1985). We have held that while dismissal of an action with prejudice is a sanction of last resort, it is appropriate in cases involving bad faith. *State Exchange Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982). The Third and Sixth Circuits have held dismissal with prejudice to be an appropriate sanction for deliberately filing a false affidavit of poverty. *Harris v. Cuyler,* 664 F.2d 388, 390–91 (3d Cir.1981) ("conscious or intentional acts or omissions"); *Thompson v. Carlson,* 705 F.2d 868 (6th Cir.1983); *see also Camp v. Oliver,* 609 F.Supp. 718, 719 (M.D.Ga. 1985) (following *Harris* ); *Ferguson-Bey v. Lever Brothers Co.,* 586 F.Supp. 1435, 1441–42 (D.Md.1984) (same). We adopt the Third Circuit's reasoning and hold that a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty.

■ Dawson's behavior in attempting to claim indigent status while failing to draw the court's attention to previous authoritative determinations of his lack of indigency is sufficient evidence of bad faith to support the district court's exercise of dis-

cretion. His claim that he attempted to pay filing fees on May 8, 1985 and that he withdrew his request for in forma pauperis status on May 31, 1985 does not require reversal of the dismissal order. Neither withdrawal nor payment was timely received, and, further, despite his claimed attempt to pay fees two weeks earlier, Dawson claimed in forma pauperis status on May 24, 1985 in his Objection to the Magistrate's Report and Recommendation. His argument that, because of the changeable nature of indigency, the authoritative effect of those previous determinations is an improper use of res judicata fails because he had the opportunity to demonstrate changed circumstances. Our reading of the record shows no merit to his claim that those determinations were made on the merits of his claim rather than on his state of indigency. The clear pattern of attempts to deceive the courts on his financial status in this and other cases justifies the district court's imposition of the severe sanction of dismissal with prejudice. The district court clearly acted within its discretion.

AFFIRMED.