843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-6320.
 
 Elizabeth STEELMAN, David Steelman, Plaintiffs-Appellants,
v.
Sgt. Ed MASON, Officers of Metro Police Dept., Nashville,
Tenn. Investigator Skip Sigmond, City of Nashville,
Tennessee, County of Davidson, Tennessee, Metropolitan
Nashville Police Dept., Defendants-Appellees.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1988.
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 These pro se plaintiffs, who are presently incarcerated and awaiting trial on pending state criminal charges in Nashville, Tennessee, appeal the district court's judgment dismissing their civil rights action and pendent state claims. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Proceeding in forma pauperis, the plaintiffs alleged that the defendants violated their constitutional rights guaranteed under the fourth, fifth, sixth, eighth and fourteenth amendments during the purportedly unlawful arrest of plaintiff, David Steelman. They requested actual damages of $175,000, compensatory damages of $50,500,000, punitive damages, and declaratory and injunctive relief.
 
 
 3
 After conducting an evidentiary hearing, a United States magistrate recommended that the complaint be dismissed because the plaintiffs had misrepresented their financial status to the court and because pending state criminal charges warranted abstention by the federal court under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). Over the plaintiffs' objections, the district court adopted the magistrate's recommendation and dismissed the action with prejudice.
 
 
 4
 Upon review, we conclude that the abstention doctrine does not require dismissal of this case. As the Supreme Court has recently stated, "even if the Younger doctrine requires abstention ..., the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." See Deakins v. Monaghan, 98 L.Ed.2d 529, 540 (1988). However, because the plaintiffs filed fraudulent affidavits of poverty in bad faith, the district court properly dismissed the complaint with prejudice. See Dawson v. Lennon, 797 F.2d 934 (11th Cir.1986) (citing Thompson v. Carlson, 705 F.2d 868 (6th Cir.1983) (per curiam)). Accordingly, we affirm the district court's judgment filed November 23, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.