151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roger L. HEATH, Plaintiff-Appellant,
v.
Gomer W. WALTERS, Vernon R. Loukes, Jr., Fulton D. Townsen,
Peter P. Phildius, Amos Coffman, Jr., Estate of William F.
Coale, Ralph Brown, R2 Medical Systems, Inc., NDM
Corporation, Safeguard Scientifics, Inc., Medical Research
Labs, William Barrows, Elias R. Zenkich, Jr., Edward
Weinberger, Cardio Data Systems Corporation, and Nadeen
Berger, Defendants-Appellees.
 No. 97-1844.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1998.*
Decided August 3, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 7812 George W. Lindberg, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 On December 30, 1994, Roger Heath filed a pro se complaint against many defendants alleging patent infringement. He applied to proceed in forma pauperis. An in forma pauperis application asks for gross and net salary or wages. Heath indicated that he had gross annual income of $33,000 and net annual income of $22,000. In April 1995, Heath moved for appointment of counsel and filed an amended application to proceed in forma pauperis, indicating an "Average Income (NET of TAX) = $2016.17 annually." Heath attached several documents to his motion for appointment of counsel, including a report from his accountant. This report indicates that Heath had $35,478 in gross income from April 1, 1994 to March 31, 1995. The report also mentions the figure that Heath included on his application to proceed in forma pauperis, indicating that Heath realized a net gain of $2016 after tax and after living expenses. The court granted Heath's motion to proceed in forma pauperis and appointed counsel.
 
 
 2
 Appointed counsel requested an in camera hearing for the purpose of relief from appointment. Counsel's original stated reason for relief was a conflict of interest. At the district court's insistence, counsel revealed his knowledge of Heath's financial affairs. Counsel had financial records from Heath indicating a net income in 1994 of $20,740. The court invited Heath to explain the discrepancy. Heath answered that his application to proceed in forma pauperis should have reflected income of $12,800 and that his financial situation was complicated because he is self-employed and because he owes back taxes. At the conclusion of the hearing, the court responded that Heath misled the court, perhaps not fraudulently but definitely with intent to mislead. The court vacated its earlier finding that Heath was eligible to proceed in forma pauperis and eligible for appointed counsel.
 
 
 3
 A week later, the court issued a written ruling, finding that Heath had indeed committed a fraud on the court by submitting false information on his application to proceed in forma pauperis in violation of 28 U.S.C. § 1915(d). The court dismissed Heath's case with prejudice. Heath filed a motion for reconsideration, submitting additional documents. His motion was denied. Heath appeals.
 
 
 4
 There is some question over whether we are reviewing a dismissal under the old statute, § 1915(d), or under that statute's recent replacement, § 1915(e)(2). The district court relied on the old § 1915(d). We presume it did so because Heath's case was originally filed while the old version of the statute was still in effect. The major difference installed by the new statute is to make dismissal mandatory, not discretionary, if the plaintiff's claims are frivolous or the plaintiff files a false affidavit of poverty.
 
 
 5
 Some of the parties urge us to apply § 1915(e)(2) retroactively while others implore us not to do so. We do not see a need to discuss at length whether it was proper for the district court to use the old version of the statute. The district court chose to dismiss the case entirely. It was empowered to dismiss the case under both provisions. If the district court had applied § 1915(e)(2), the only difference would be that dismissal would have been mandatory, not discretionary. Because applying either statute led in this case to the same result, we will not dwell on the propriety of applying the old version rather than the new.
 
 
 6
 It is not entirely clear what standard of review the Court uses to review a dismissal under § 1915(d) for a false allegation of poverty. When a district court dismisses a case under § 1915(d) for frivolousness, we review that determination for abuse of discretion "[b]ecause the frivolousness determination is a discretionary one." Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Other circuits have applied the abuse of discretion standard to dismissals for false allegations of poverty. See Dawson v. Lennon, 797 F.2d 934, 935 (11th Cir.1986) (per curiam); Harris v. Cuyler, 664 F.2d 388, 390 (3d Cir.1981). There is no need for us to decide this point because Heath's claim fails under either an abuse of discretion or a de novo standard.
 
 
 7
 Heath challenges the dismissal of his case with prejudice for filing a false affidavit of poverty. He argues that his case should have been dismissed without prejudice to allow him to refile and pay the necessary costs. He relies on Denton for the proposition that a § 1915(d) dismissal is not on the merits (meaning, we think, without prejudice). However, Denton held only that a § 1915(d) dismissal for frivolousness was normally without prejudice, leaving the plaintiff free to refile as a paying party, Denton reasoned that litigants without financial means should have an opportunity to have their grievances decided by the courts just like wealthier litigants; however, wealthier litigants have a financial incentive not to file frivolous sum while indigent litigants lack that incentive. Dismissal without prejudice replaces the financial incentive not to file frivolous lawsuits.
 
 
 8
 We find Denton distinguishable. Dismissing a case for filing a false affidavit of poverty is a sanction for committing fraud on the court. In contrast, dismissing a case for frivolousness is not necessarily a sanction. A court would not normally dismiss such a case sua sponte if it were filed by a paying plaintiff. Rather, it would be subject to a motion to dismiss for failure to state a claim or a motion for summary judgment by the defendant with all the procedural protections normally observed.
 
 
 9
 In Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 756 (7th Cir.1988), we noted that Congress was silent in § 1915(d) as to whether dismissals for filing false affidavits of poverty should be with or without prejudice. We extrapolated from that silence that Congress intended to vest the district court with discretion to make that decision. See id. We recently revisited and reaffirmed Smith-Bey. In Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir.1997), the district court dismissed the plaintiff's case with prejudice under the new § 1915(e)(2) for filing a false affidavit of poverty. Citing Smith-Bey with approval, we held again that Congress's silence is best interpreted to leave the decision to the district court whether to dismiss a case with or without prejudice. See id. Contrary to Heath's contentions otherwise, a court has the discretion to dismiss a case with prejudice under § 1915(d).
 
 
 10
 The question remains whether the district court erred in dismissing Heath's case with prejudice. We think not. Heath's financial records do not support a finding that he had gross or net income of $2016 in 1994. The application to proceed in forma pauperis clearly does not invite the applicant to subtract living expenses when reporting gross and net income. We agree with the district court that Heath subtracted living expenses in an attempt to mislead the court.
 
 
 11
 Heath also argues that his case should not have been dismissed for filing a false affidavit of poverty without affording him notice of the impending dismissal and an opportunity to be heard. However, Heath did have an opportunity to be heard. He was present at the in camera hearing and was afforded the opportunity to explain the discrepancies in his financial records and affidavit of poverty. He even admitted at that hearing that he should have reported income of over $12,000. We see no inadequacy in the protections afforded Heath here.
 
 
 12
 Amicus raises due process and equal protection challenges to § 1915. We reject these arguments as without merit.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The parties requested a postponement of oral argument in this case. We vacated the order scheduling oral argument for June 5, 1998, and we decide the case on the briefs