[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15112
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00072-CV-4-RS-WCS

DARRYL MAURICE YOUNG,

Plaintiff-Appellant,

versus

SECRETARY FLORIDA FOR THE DEPARTMENT
OF CORRECTIONS, et al.,

Defendants,

WALTER MCNEIL,
Secretary Florida Department
of Corrections,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 1, 2010)

BeforeTJOFLAT, EDMONDSON and MARTIN, Circuit Judges.

PER CURIAM:

The district court, acting *sua sponte*, dismissed this civil rights case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as a sanction for plaintiff Young's abuse of process.[1] Young now appeals the dismissal. We affirm.

I

First, Young argues that the district court abused its discretion by dismissing his third amended complaint as a sanction for failing fully to disclose his prior lawsuits on the complaint form the court's clerk provided him. He contends that it was error for the court to grant his motion to proceed IFP then to dismiss his case because the complaint was "inartfully pled." He contends that he made a good faith effort to disclose his prior lawsuits but that he was hindered because (1) he could not afford to pay the copying and certification costs charged by the Florida state courts and (2) he no longer had the documents necessary to answer fully because of a Florida Department of Corrections rule prohibiting the possession of "excess legal material."

We review a district court's decision to impose sanctions under its inherent

---

[1] Plaintiff brought the suit *pro se* under 42 U.S.C. § 1983.

2

power for an abuse of discretion. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). Federal courts have the inherent power to impose sanctions on parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions. *Id.* A party engages in bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation and citation omitted).

We also review for abuse of discretion sanctions imposed pursuant to 28 U.S.C. § 1915. *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). A dismissal with prejudice under § 1915 is an "extreme sanction" to be exercised only in appropriate cases. *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). However, "while dismissal of an action with prejudice is a sanction of last resort, it is appropriate in cases involving bad faith." *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986).

*"Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). However, a defendant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (stating that the Court had "never

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Here, the district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases. The hindrances he identified did not absolve him of the requirement of disclosing, at a minimum, all of the information that was known to him.

## II

Second, Young argues that the district court abused its discretion by not giving him an opportunity to amend or supplement his complaint to disclose his other prior lawsuits. He asserts, based on Federal Rule of Civil Procedure 15, that the district court should have specifically ordered him to cure the defect in his complaint, and he concedes that if he did not cure "after being ordered then no abuse of discretion would have occurred."

We review for abuse of discretion the denial of a motion to amend a complaint. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007). Rule 15 allows a party to amend its pleadings "once as a matter of course." Fed. R. Civ. P. 15(a)(1). However, the party must then obtain either the adverse party's written consent or the court's leave in order to file further amendments. Fed. R. Civ. P. 15(a)(2). The court's leave shall be freely given

"when justice so requires." *Id.* Valid reasons for denying a motion to amend include "bad faith . . . on the part of the movant, [and] repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The district court did not abuse its discretion by refusing to allow Young to file a fourth amended complaint after he failed to provide full disclosure in any of his prior complaints. The district court was not obliged to expend more of its resources in curing the very same type of defect that it had pointed out before, especially given that it had provided him with a suitable warning concerning the consequences of his failure to cure that defect.

### III

Finally, Young argues that the district court denied him procedural due process by imposing dismissal as a sanction without providing him with notice and an opportunity to be heard.

Courts must afford a sanctioned party due process, both in determining the bad faith required to invoke the court's inherent power to impose sanctions and in assessing fees. *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) (citation omitted). Due process in this context requires only that the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing.

5

*Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir. 1987) (*en banc*).

The district court did not deny Young procedural due process because it had warned him on several occasions that failure to follow the court's orders could result in dismissal, he had the opportunity to respond to the magistrate judge's report and recommendation by filing objections, and he has not pointed to anything in the record showing that he was treated unfairly in any way.

AFFIRMED.