[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14286
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00088-CAR-CHW

WASEEM DAKER,

Plaintiff-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
TIMOTHY WARD,
Assistant Commissioner,
RICK JACOBS,
Facilities Director,
STEVE UPTON,
Deputy Facilities Director,
ROBERT E. JONES,
General Counsel, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 4, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, appeals *pro se* the dismissal of his complaint of violations of his civil rights on the ground that his allegations of poverty were untruthful. 28 U.S.C. § 1915(e)(2)(A). Daker contends that the district court erred in dismissing his complaint *sua sponte* under section 1915(e)(2)(A) without first providing him notice of its intent to dismiss and an opportunity to respond. We vacate and remand.

We review the denial of a motion for leave to proceed *in forma pauperis* for an abuse of discretion. *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1283 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1227 (2017).

Although the statute provides that "the court shall dismiss [a] case" if it determines at any time that a prisoner's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), our precedents make clear that a district court must provide the prisoner notice and an opportunity to be heard before dismissing a case *with prejudice*. Under an earlier version of section 1915, which gave the district court discretion to dismiss a case if the allegation of poverty was untrue but did not mandate dismissal, we held that a district court could dismiss with prejudice only if the plaintiff acted willfully or in bad faith. *See Dawson v. Lennon*, 797 F.2d 934, 935–36 (11th Cir. 1986) (finding that plaintiff's pattern of attempting to deceive

2

the courts about his financial status in multiple cases supported a dismissal with prejudice). And we ruled that, where withdrawals from an inmate's account are being considered as an attempt to hide assets, the district court should provide the inmate notice and an opportunity to explain the withdrawals before denying him status as a pauper. *Collier v. Tatum*, 722 F.2d 653, 655–56 (11th Cir. 1983). In other contexts, we also ruled that *sua sponte* dismissals with prejudice are disfavored, especially when the court has not provided the plaintiff with notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336–37 (11th Cir. 2011) (concluding that the district court erred in dismissing *sua sponte* a plaintiff's complaint for *forum non conveniens* without first providing her notice and an opportunity to be heard); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (explaining that we have prohibited *sua sponte* dismissals with prejudice where the court failed to provide notice and an opportunity to respond); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (stating that dismissal with prejudice, whether *sua sponte* or on motion, is an extreme sanction that may be imposed only when there is a clear pattern of misconduct and lesser sanctions would not suffice).

We must consider the dismissal entered by the district court as a dismissal with prejudice because the district did not state otherwise in its order. "Unless the dismissal order states otherwise, . . . any dismissal not under [Rule 41]—except

one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Costello v. United States*, 365 U.S. 265, 286–87 (1961) (explaining that, where a court *sua sponte* dismisses a case on a ground not provided for in Rule 41 based on the plaintiff's failure to satisfy a precondition, that dismissal operates as an adjudication on the merits). A dismissal with prejudice bars the litigant from refiling the same complaint even if the litigant is prepared to pay the filing fee.

The district court abused its discretion when it *sua sponte* dismissed Daker's complaint with prejudice based on its determination that his allegations of poverty were untruthful without first providing him notice and an opportunity to explain the perceived deficiencies in his allegations of poverty. Although Daker had notice that courts had been dubious of his allegations of poverty in some earlier cases, we cannot say that the district court could dispense with the necessity of providing Daker notice and an opportunity to be heard before the dismissal of this case. Accordingly, we vacate the order dismissing Daker's complaint and remand for the district court to provide Daker an opportunity to be heard about the truthfulness of his allegations of poverty.

**VACATED and REMANDED.**