[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13078
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03053-RWS

WASEEM DAKER,

Plaintiff-Appellant

versus

NEIL WARREN,
Sheriff, Cobb County,
COBB COUNTY,
LAWSON,
Mailroom Officer,
LT. COL. JANET PRINCE,
Cobb County Sheriff Office,
JAY C. STEPHENSON,
Clerk, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Waseem Daker, a state prisoner, appeals *pro se* the dismissal of his amended complaint that county officials violated his constitutional rights, 42 U.S.C. § 1983, and the denial of his motions to proceed *in forma pauperis* and for recusal. The district court dismissed Daker's complaint after determining he was ineligible to proceed as a pauper on the grounds that he had seven appeals that counted as strikes against him under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that he was not indigent. A careful review of the record establishes that the district court erred in denying Daker's motion to proceed *in forma pauperis* because only one of his appeals qualified as a strike and erred when it determined that his allegation of poverty was untrue without providing him notice and an opportunity to respond. Those errors require us to vacate the dismissal of Daker's amended complaint and to remand for further proceedings. But we affirm the denial of Daker's motion for recusal because he offers no reason to doubt the impartiality of the district judge.

In 2014, when Daker filed his complaint, he was no stranger to the federal courts. After Daker was convicted in 2010 in a Georgia court of twelve crimes including murder, he filed several petitions for a writ of habeas corpus, 28 U.S.C. § 2254, and civil actions, 42 U.S.C. § 1983. In his amended complaint, Daker

2

alleged that he had been denied access to legal materials by Neil Warren, the former Sheriff of Cobb County, his staff, and officials of the Cobb County Superior Court. *Id.* Daker accompanied his complaint with a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915. "Ordinarily, a federal litigant who is too poor to pay court fees" is allowed to "commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). But the Prison Litigation Reform Act bars a prisoner from proceeding as an indigent if he "has, on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The district court denied Daker's motion to proceed *in forma pauperis*, dismissed his amended complaint without prejudice, and denied his motion to recuse. The district court ruled that Daker's serial litigation barred him from proceeding as an indigent. *See id.* The district court attached to its order a spreadsheet cataloguing Daker's numerous filings, referenced two letters from this Court stating that he had at least three strikes under the Act, and identified seven specific cases as strikes. The district court stated that it was counting "Daker's appeals . . . having ended in dismissal either (1) because the circuit court deemed them frivolous, *see, e.g.*, *In re Daker*, No. 11-11937; *In re Daker*, No. 12-12072; *In re Daker*, No. 12-14369; *Daker v. Warren*, No. 13-11630; or (2) for want of

3

prosecution, *see, e.g.*, *In re Daker*, No. 12-12073; *Georgia v. Daker*, No. 12-12519; and *Daker v. Comm'r*, 13-13398." Alternatively, the district court ruled that Daker was not indigent and had "conceal[ed] and/or misstate[d] his true assets and income." 28 U.S.C. § 1915(e)(2)(A). The district court found that Daker omitted owning "a home . . . [with] a market value of over $398,000" and with "current . . . tax payments" and "other substantial asserts" identified in "past IFP affidavits." The district court also ruled that Daker alleged no reasons warranting recusal. Daker appealed, but we dismissed his appeal for failure to pay filing fees.

Later, in separate appeals, we held that four of the cases relied on by the district court did not qualify as strikes under section 1915(g). In *Daker v. Commissioner, Georgia Dep't of Corrections*, 820 F.3d 1278 (11th Cir. 2016), we held that the dismissal of an action or appeal for "lack of jurisdiction" or "want of prosecution" did not qualify as a strike because the text of the Act required a "dismiss[al] on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* at 1283–84 (quoting 28 U.S.C. § 1915(g)). Because three of the dismissals used to deem Daker ineligible to proceed *in forma pauperis* "were on the ground for want of prosecution—*In re Daker*, No. 12-12073; *In re Daker*, No. 12-12072; and *Georgia v. Daker*, No. 12-12519—" they did not qualify as strikes. *Id.* at 1284–85. And applying the same textual analysis in *Daker v. Head*, 730 F. App'x 765 (11th Cir. 2018), we held that the dismissal of a

4

filing "'pursuant to Daker's motion for voluntary dismissal,' *In re Daker*, No. 11-11937 (11th Cir. Aug. 24, 2011)," also could not serve as a strike. *Id.* at 767 (alteration adopted). In the midst of those decisions, Daker filed a motion to reinstate his appeal, which we granted.

This appeal is governed by two standards of review. "We review the denial of a petition to proceed *in forma pauperis* for abuse of discretion, but we review interpretations of the Act *de novo*." *Daker*, 820 F.3d at 1283. We also review the denial of a motion for recusal for abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

The district court erred by dismissing Daker's amended complaint on the basis that his litigiousness made him ineligible to proceed *in forma pauperis*. Six of the seven appeals relied on by the district court did not qualify as strikes. Our previous decisions establish that four of Daker's appeals—*In re Daker*, 12-12072; *In re Daker*, 12-12073; *Georgia v. Daker*, 12-12519; and *In re Daker*, No. 11-11937—do not count as strikes. *Daker*, 820 F.3d at 1283; *Daker*, 730 F. App'x at 767. And two additional appeals the district court relied on—*In re Daker*, 12-14369 and *Daker v. Comm'r*, No. 13-13398—also could not serve as strikes because they were dismissed for "want of prosecution." *See Daker*, 830 F.3d at 1284. Although Daker's seventh appeal, *Daker v. Warren*, 13-11630 (11th Cir. Mar. 4, 2014), qualified as a strike because we expressly dismissed the appeal on a

"find[ing] that [it] [was] frivolous," one strike was insufficient to disallow Daker to proceed as a pauper, 28 U.S.C. § 1915(g). Daker did not have three or more strikes under the Act.

Daker asks that we issue a writ of mandamus prohibiting our Clerk from issuing letters stating that he has three strikes, but we lack jurisdiction to entertain Daker's request. Our jurisdiction is limited to the review of "final decisions of the district courts or the United States," specific interlocutory rulings, and various decisions of federal agencies. 28 U.S.C. § 1291. And we "may issue writs of prohibition only in aid of [our] jurisdiction to review final decisions of the district courts." *In re Kilpatrick*, 167 F.2d 471, 471 (5th Cir. 1948). We lack jurisdiction to issue a writ of mandamus to our Clerk.

The district court also abused its discretion by denying Daker's motion to proceed *in forma pauperis* based on its summary finding that he was not indigent. The district court ruled that Daker was not indigent without giving him notice or an opportunity to explain deficiencies in his affidavit of poverty. Although a district court "shall dismiss [a] case at any time if it determines that the [prisoner's] allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), our caselaw suggests that a prisoner is entitled to notice and an opportunity to respond before having his case dismissed with prejudice. *See Dawson v. Lennon*, 797 F.2d 934, 935–36 (11th Cir. 1986) (mentioning prisoner's objection to recommended dismissal under

6

section 1915); *Collier v. Tatum*, 722 F.2d 653, 655–56 (11th Cir. 1983) (allowing prisoner "a reasonable opportunity to explain withdrawals from his account" before denying status as indigent). The district court stated that its dismissal of Daker's amended complaint was without prejudice, but its ruling barred Daker from refiling his civil action because the applicable two-year period of limitation, Ga. Code Ann. § 9-3-33; *see Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003), expired while his action was pending. The statute of limitations commenced running on September 6, 2011, when the state officials' actions allegedly prevented Daker from timely filing a notice of appeal. Because the two-year period expired well before the district court dismissed Daker's civil action on June 6, 2014, the dismissal of his amended complaint operated as a dismissal with prejudice. *See Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993). Daker must be afforded an opportunity to be heard.

The district court judge did not abuse his discretion by denying Daker's motion to recuse. A district court judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1), or if he, "to [his] knowledge [is] likely be a material witness in the proceeding," *id*. § 455(b)(5)(iv). "The test on appeal for determining whether a

7

judge should have recused himself under section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (internal quotation marks and citation omitted).

Daker identified no ground that cast doubt on the district court judge's impartiality. Neither the judge's adverse rulings in Daker's criminal and civil proceedings, see *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), nor the judge's familiarity with Daker's litigation, *see Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000), required recusal. Nor was recusal required based on Daker's speculation that the district court judge might be called as a witness by the state in a criminal proceeding. *See Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). Daker also could not force the district court judge to recuse by attempting to subpoena him to testify in a civil action. The district court judge was not required to recuse without some evidence that he had a disqualifying personal bias against or interest adverse to Daker.

We **VACATE** the order dismissing Daker's amended complaint and **REMAND** for further proceedings, and we **AFFIRM** the denial of Daker's motion for recusal.