[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13443
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-02060-AKK

SENEKA CASTRELL READUS,

Plaintiff-Appellant,

versus

TROY ALLAN ROECK, et al.,

Defendants,

HMR VETERAN SERVICES,
HMR OF ALABAMA, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 13, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Seneka Readus appeals the judgment dismissing her amended complaint against HMR Veteran Services and HMR of Alabama, Inc., and the denial of her motion to alter or amend that judgment. The district court dismissed Readus's amended complaint for acting in bad faith by making an "allegation of poverty [in her application to proceed *in forma pauperis* that] [was] untrue." 28 U.S.C. § 1915(e)(2)(A). We affirm.

## I. BACKGROUND

In December 2016, Readus filed *pro se* a complaint against HMR and an application to proceed *in forma pauperis*. The district court classified Readus as a pauper based on her statements that, in 2016, she earned $866 weekly from HMR and had an approximate income of $50,000, she had $23.16 in her bank accounts, she did not own an automobile, she had debt of $14,557, and she was the sole provider for her four children. Later, Readus, with the assistance of counsel, amended her complaint, and the district court dismissed the amended complaint in part for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6).

In January 2018, HMR moved to dismiss Readus's amended complaint with prejudice for significantly underreporting her income in her application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(A). HMR submitted an affidavit

2

from its Human Resources Director stating that, in 2016, Readus had earned

$65,416.79 in gross wages, or about $1,258.15 per week. HMR also submitted

discovery materials, including Readus's resume, that established she worked in

2016 for Maury Regional Hospital and Medical Staffing Network.

Readus opposed dismissal and argued that she approximated her earnings

from HMR, that she excluded her $1,000 earnings from Maury Regional Hospital,

where she was "not considered part of the staff," because she deemed the amount

de minimis, and that she was not paid by Medical Staffing Network. Readus

submitted an affidavit stating that, when she prepared her application, she lacked

records regarding her income from HMR and she complied with the instruction to

approximate her income. Readus further averred that she had "no active contract

with Maury Regional [Hospital]" or with Medical Staffing Network when she

applied to proceed *in forma pauperis*; she "worked with Maury Regional through

the first two weeks of December, but had quit . . . and was officially re-hired on

December 25, 2016"; and she began working with Medical Staffing Network "on

or about December 26, 2016" as a "traveling nurse" without "regular

compensation," and she could "not recall the pay rate, nor the amount of [her]

compensation during that time."

After HMR replied that it sent Readus electronic paystubs listing her

earnings and that she continued to underreport her income, the district court held a

3

hearing on the motion to dismiss. The district court asked Readus why she did not update her application after receiving a W-2 form from HMR, and she responded that her access to records was limited because HMR fired her. Readus admitted that she failed to produce her income tax records, but she said that her inaction was due to mistake. Readus stated that she opposed the subpoenas HMR served on her other employers because she "didn't want any issues with her current employers." When the district court asked Readus why she denied owning a vehicle, she responded that it was financed and she did not have the title.

The district court ordered Readus to produce materials related to her income in 2016. Readus's tax return reflected her income was $76,889 and the W-2 forms she received from HMR and Maury Regional Hospital stated that she earned, respectively, $62,082.61 and $14,805.82.

Readus filed a supplemental opposition to the motion to dismiss along with an affidavit and an amended application to proceed *in forma pauperis* "to reflect 12-22-16." Readus averred that the application did not define the term "approximate" and she made "an educated guess" about her earnings; that she lacked "outright ownership in [her] vehicle" under the "buy here/pay here" terms of her purchase; that she "had no active contract with Maury Regional [Hospital]" and "was not employed by Medical Staffing Network" when she filed her application; and that she had amended her application after "gather[ing]

4

documentation of all of [her] debt on or around December 22, 2016." Readus's amended application reported an increased debt of $94,353. HMR served a subpoena duces tecum on Medical Staffing Network, which Readus moved to quash as harmful to her future employment with the company.

The district court dismissed Readus's amended complaint with prejudice as a sanction for "misstat[ing] her income in bad faith or . . . [attempting] to manipulate the court" to "grant her IFP status." *See* 28 U.S.C. § 1915(e)(2)(A). The district court found that Readus's omission of roughly $27,000 in earnings was not an "insignificant discrepancy," *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990), and that she acted in bad faith by underreporting her income from HMR, by failing to amend her application after receiving her W-2 forms, and by omitting income from Maury Regional Hospital. The district court explained that Readus's failure to report $12,000 of earnings from HMR "f[ell] outside any objectively reasonable definition of 'approximate'"; that Readus's exclusion of income from Medical Staffing Network on the grounds she was a part-time employee and she could exclude de minimis earnings was an "[un]reasonable reading of" the instructions on the application; and that Readus's income tax statements, which "revealed that she actually earned $14,805.82" from Maury Regional Hospital, instead of the $1,000 she reported, provided a "quintessential example of [her] ongoing attempts to deceive the court." The district court also

5

"view[ed] as further evidence of Readus' bad faith and attempt to . . . deceive the court" her failure to disclose her work for Medical Staffing Network and her opposition to discovery regarding "her employment dates or her . . . earnings . . . ."

Readus moved the district court to alter or amend its judgment. *See* Fed. R. Civ. P. 59(e). She argued that her application contained an honest approximation of her income; "she did not attempt to deceive and understate her net worth" because she "actually omitted a fair amount of debt that could have also been taken into consideration for her IFP status"; and she failed to update her application because it contained no instructions for supplementation. HMR opposed Readus's motion.

The district court denied Readus's postjudgment motion. The district court ruled that Readus's "motion [was] generally an attempt to relitigate the same arguments that the court previously rejected." To the extent Readus argued, "for the first time, that she did not act in bad faith or intent to deceive the court about her financial status because, although she failed to disclose a significant income, she also failed to disclose a significant amount of debt," the district court ruled the argument was untimely and, in the alternative, "unavailing."

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review *de novo* issues regarding our subject matter jurisdiction. *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1269 (11th Cir. 2013). We review for abuse of discretion the dismissal

6

of Readus's complaint as a sanction, *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997), and the denial of her motion to alter or amend the judgment, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "An abuse of discretion occurs when the district court applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous, or when it misconstrues its proper role, or ignores or misunderstands the relevant evidence." *Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015) (internal quotation marks and citation omitted) (alteration adopted).

### III. DISCUSSION

Readus argues that the district court should have granted her postjudgment motion because the increased debt listed in her amended application to proceed *in forma pauperis* established that she qualified as a pauper. She also argues that her complaint should not have been dismissed with prejudice because she did not act in bad faith. HMR responds that we lack jurisdiction to review the order of dismissal because Readus stated on her notice of appeal that she was challenging the "Order denying [her] Motion to Alter the Judgment . . ." We address each argument, in reverse order.

Readus's failure to designate in her written notice of appeal the order that dismissed her amended complaint does not deprive us of jurisdiction to review that

7

order. Although Federal Rule of Appellate Procedure 3(c)(1)(B) requires an appellant to "designate the judgment, order, or part thereof being appealed," we construe the requirements of that rule liberally. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). We allow "appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal," and when the appellant's arguments evidence an intent to appeal the order. *Id.* (quoting *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986)). Readus's motion to alter the judgment challenged the earlier order of dismissal, and her arguments to this Court that she did not act in bad faith evidence that she intended to appeal the order of dismissal. Furthermore, HMR is not prejudiced by Readus's failure to designate the order of dismissal in her written notice of appeal. *See id.*; *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). HMR responds to her challenges to the order. We review the order that dismissed Readus's amended complaint and the denial of her motion to alter or amend the judgment.

We cannot say that the district court abused its discretion when it dismissed Readus's amended complaint with prejudice. The statute governing applications to proceed *in forma pauperis* states that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue . . . ." 28 U.S.C.

8

§ 1915(e)(2)(A). The district court acknowledged that dismissal was "an 'extreme sanction,'" yet it decided that penalty was appropriate based on its findings that Readus acted in bad faith by significantly underreporting her income and withholding information relevant to her finances. *See Matthews*, 902 F.2d at 881. Readus identifies no clear error in the specific findings of bad faith. *See Sciarretta*, 778 F.3d at 1213. Readus does not dispute that she failed to disclose more than $26,000 in income. She argues that she fairly approximated her income and she excluded "secondary income" from Maury Regional Hospital because it was not "significant," but the district court committed no clear error in finding that Readus intentionally understated her income based on her strained interpretation of the application, its unambiguous instruction to list "earned income of any kind," and the substantial "variance" between the income that she received and disclosed. Readus also argues that her delay in amending her application and her efforts to quash subpoenas did not evidence bad faith, but the district court was entitled to make a contrary finding in view of Readus's revision of her filings after being compelled to produce income statements and her repeated misrepresentations about and concealment of information related to her income and employment. The record supports the finding that Readus "engaged in bad faith or manipulative tactics" that were "designed to deceive the [district] court into inducing it to grant her IFP status."

9

The district court also did not abuse its discretion when it denied Readus's motion to alter or amend the judgment. Readus failed to identify any newly-discovered evidence or errors of law or fact in the order of dismissal, which provide "[t]he only grounds for granting a Rule 59 motion . . . ." *Arthur*, 500 F.3d at 1343 (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Readus argues that the district court overlooked her argument that it committed an "error of fact" by "fail[ing] to take her underreported debt into consideration when . . . determin[ing] her *true net worth*," but Readus's motion challenged the finding that she acted in bad faith, not her eligibility to proceed in forma pauperis. Even had Readus argued to reconsider her eligibility, the district court would have nonetheless had to deny her motion on the ground it could not be used to "raise [an] argument . . . that could have been raised prior to the entry of judgment," *id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## IV. CONCLUSION

We **AFFIRM** the dismissal of Readus's amended complaint.

10